IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:10-106 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Reginald Reid, ) | |
| a/k/a Reginald Raquan Reid ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion filed *pro se* (even though Defendant is currently represented by counsel) to "compel transcripts." Dkt. #130 (filed Aug. 5, 2011). Defendant's case is currently on appeal to the Fourth Circuit Court of Appeals. Defendant seeks copies of various transcripts associated with his case, as well as "all submitted documents entered into evidence." Mot. at 1. Defendant contends that these documents are needed to assist in the filing of a supplemental *Anders*[1] brief at the Fourth Circuit Court of Appeals.

To the extent Defendant seeks copies of certain transcripts of proceedings held in open court at the beginning and end of his trial, these portions of the trial proceedings have not been transcribed at this time. Opening and closing statements do not contain evidence considered by the jury during deliberations, and Defendant has failed to show how production of these portions of Defendant's trial transcript are material to the Court of Appeals' consideration of Defendant's appeal. Defendant also seeks copies of the transcripts of "pretrial arguments" in his case. To the extent that some of the pretrial conferences in this matter have been transcribed, Defendant should be able to view copies of these transcripts in possession of attorney.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

1

As to production of grand jury transcripts, Federal Rule of Criminal Procedure 6(e)(3)(C) provides for disclosure

> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; [or]
>
> (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury . . . .

F.R.Crim.P. 6(e)(3)(C). Accordingly, upon a showing of "particularized need" the court may grant disclosure of matters involving grand jury proceedings. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-82 (1958). Defendant has failed to make the requisite showing of a "particularized need" for the production of these transcripts.

As to documents submitted into evidence, this court is not in possession of exhibits entered into evidence during the trial because these were returned to the parties introducing them at the end of trial.

Therefore, to the extent this court retains jurisdiction to rule upon Defendant's motion, it is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 9, 2011